IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN JOSE REYNOSO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:09-CV-02103 |
| | § | (Death penalty case) |
| RICK THALER, Director, Texas | § | (Dist. Judge Lynn N. Hughes) |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO DEFER
RULING ON RESPONDENT MOTION FOR SUMMARY JUDGMENT
PENDING SUPREME COURT DECISION**

Reynoso, convicted in a Texas court of capital murder, seeks habeas corpus

relief. *See* 28 U.S.C. § 2254 (West 2012). He has filed a petition (ECF[1] No. 1) and

an amended petition (ECF No. 20), and the respondent, here called "the

Director," seeks summary judgment (ECF No. 25). Reynoso asks this Court to

defer ruling on the motion until the Supreme Court acts upon a case in which it

has granted certiorari review, *Trevino v. Thaler*, No. 11-10189, 2012 WL

1599338 (Oct. 29, 2012). Reynoso's motion, styled a "suggestion," represents the

second time that Reynoso has asked this court to delay its own actions pending

the decision of the Supreme Court on a case unconnected to this litigation. (ECF

No. 37.) On November 8, 2011, Reynoso asked this Court to defer ruling on the

---

[1] "ECF" refers to the documents filed in the district court's electronic case filing
system, followed by the document number and, where appropriate, the page number.

Director's summary judgment motion until the Supreme Court acted upon two cases then pending before the High Court, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Maples v. Thomas*, 132 S. Ct. 912 (2012). (*Id.*) The Court granted Reynoso's motion. (ECF No. 39.) Now Reynoso, citing *Martinez*, again asks this Court to delay acting until the Supreme Court acts upon another case.

In *Martinez* the Supreme Court determined that when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of the claim where appointed counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise the claim. *See Martinez*, 132 S. Ct. at 1319

Under the law of Arizona, the state at issue in *Martinez*, where a defendant wished to raise a complaint about the effectiveness of trial counsel, the defendant could not raise that claim on direct review. 132 S. Ct. at 1314 (citing *State v. Spreitz*, 239 P.3d 525, 527 (Ariz. 2002)). Under state law, such a claim could be raised in collateral proceedings only. *Id.* at 1314. Under the rule set out in *Coleman v. Thompson*, where the defendant's postconviction counsel failed to raise such a claim in initial postconviction proceedings, where the claim was raised in subsequent postconviction proceedings, and where the state court dismissed the claim because it was not raised in initial proceedings, the state

court's dismissal acts as an independent and adequate state-law default barring federal merits review. *See* 501 U.S. 722, 728–29 (1991). And because the state prisoner was not constitutionally entitled to effective assistance of counsel in state postconviction proceedings, the prisoner could not plead the deficient performance of state postconviction counsel as cause to avoid the default. *Id.* at 753–54. In *Martinez*, however, the Supreme Court carved out an exception to the *Coleman* rule. Where the State funnels ineffective-assistance claim from the appeal, where constitutionally effective counsel is guaranteed, to collateral proceedings, where such assistance is not guaranteed, in federal habeas proceedings the State may not bar federal merits review based upon the ineffectiveness of the defendant's state postconviction counsel. *Martinez*, 132 S. Ct. at 1320.

The Fifth Circuit has determined, though, that the *Martinez* exception does not apply to Texas. *Ibarra v. Thaler*, 687 F.3d 222, 227 (2012). The circuit noted that under Arizona law where a defendant wished to complain about the effectiveness of trial counsel, the defendant could not do so on direct review. *Id.* Under Texas law, however, a defendant may raise and receive a merits review on such a claim in direct review. *Id.*

The Supreme Court has granted certiorari review in connection with *Trevino*, 2012 WL 1599338. Reynoso argues that the High Court may consider

3

whether *Martinez* applies in Texas. (ECF No. 45 at 3–4.) This Court should deny Reynoso's motion or suggestion and should grant the Director's summary judgment motion straightaway.

## ARGUMENT

## I.   Deferring a Ruling on the Director's Summary Judgment Motion Would Frustrate the Purpose of AEDPA.

By deferring a ruling on the Director's motion for summary judgment, this Court is in effect staying proceedings pending the outcome of a Supreme Court decision. A court traditionally has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Although AEDPA[2] did not deprive the courts of that authority, the statute did circumscribe the courts' discretion by requiring that the decision to issue a stay be compatible with the purposes of AEDPA. *Rhines v. Weber,* 544 U.S. 269, 276 (2005). One of the  statute's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003). A stay has the potential to undermine this purpose by frustrating "AEDPA's objection of encouraging finality by allowing

---

[2] Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996).

a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Thus, a stay is available "only in limited circumstances." *Id.*

On October 29, 2012, the Supreme Court granted certiorari in *Trevino*, 2012 WL 1599338, to consider whether it should vacate the Fifth Circuit's opinion and remand to the lower court for consideration of Trevino's argument that he established cause under *Martinez* to excuse a procedural default. Reynoso asks this Court to defer ruling on his federal habeas proceeding until the Supreme Court issues a decision in *Trevino* because such decision may resolve issues pending in this case. The grant of certiorari in *Trevino* does not, however, alter this circuit's precedent that forecloses relief. *See Ibarra*, 687 F.3d at 227.[3] *Ibarra* is binding "[a]bsent an intervening Supreme Court case overruling prior precedent . . . even when the Supreme Court grants certiorari on an issue." *United State v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008). No Supreme Court precedent has overrruled *Ibarra,* and any speculation that the case will be overruled is insufficient to delay final adjudication. *See Selvage v. Lynaugh,* 842 F.2d 89, 94–95 (5th Cir. 1988) ("We would find it even more difficult rationally to order outcomes if we were required to guess the meaning of unexplained grants of a stay or writs or certiorari. Rather, we apply

---

[3] A petition for rehearing en banc is pending. *Ibarra v. Thaler,* No. 11-70031 (Sept. 14, 2012).

5

the settled law of our circuit until it is changed by our court or the Supreme Court has plainly signaled a change."). This Court should decline to delay this case any further for a result that may not happen. *Cf. Garcia v. Texas,* 131 S. Ct. 2866, 2867 (2011) (per curiam) ("[W]e are doubtful that it is ever appropriate to stay a lower federal court judgment in light of unenacted legislation. Our task is to rule on what the law is, not what it might eventually be."). Controlling circuit precedent should be applied to the disposition of this case.

## II.   A Grant of Certiorari Does Not Warrant a Stay.

Absent further guidance, a grant of certiorari by the Supreme Court is not binding precedent. *Neville v. Johnson,* 440 F.3d 221, 222 (5th Cir. 2006) (holding that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance"). This circuit has long made clear that the Supreme Court's "grant of certiorari in a capital case does not cause us to deviate from circuit law, nor is it grounds for a stay of execution." *Cantu v. Collins,* 967 F.3d 1006. 1012 n.10 (5th Cir. 1992) (citing *Johnson v. McCotter,* 804 F.2d 300, 301 (5th Cir. 1986)); *also see Bridge v. Collins,* 963 F.2d 767, 770 n.5 (5th Cir. 1992); *Ellis v. Collins,* 956 F.2d 76, 79 (5th Cir. 1992). This Court should apply "the settled law of our circuit until it is changed by the Court or the Supreme Court has plainly signaled a change." *Selvage,* 842 F.2d at 95.

6

In this circuit, the law is settled that *Martinez* does not apply to Texas cases because Texas procedures do not require that "ineffectiveness claims be heard in the first instance in habeas proceedings." *Ibarra,* 687 F.3d at 227(noting that such IAC claims could be brought "through counseled motions for new trial and direct appeal"); *Adams v. Thaler,* 679 F.3d 312, 317 n.4 (5th Cir. 2012) ("Texas does not require defendants to raise an ineffective assistance of trial counsel claim only in state habeas proceeding," and such claims are "often brought on direct appeal, with mixed success"); *see also Foster v. Thaler*, No. 12-70026, 2012 WL 4328336 (5th Cir. Sept. 21, 2012)(unpublished), *cert. denied*, 133 S. Ct. 99 (2012); *Newbury v. Thaler*, No. 10-70028, 2012 WL 3032718, at *1 (5th Cir. July 26, 2012)(unpublished); *Gates v. Thaler*, No. 11-70023, 2012 WL 2305855, at *6 (5th Cir. June 19, 2012)(unpublished) (holding that *Martinez* does not alter the cause and prejudice analysis in Texas cases). Therefore, this issue's possible pendency before the Supreme Court is insufficient grounds to stay federal proceedings.

Moreover, it is not clear that the Supreme Court in *Trevino* will provide on the *Martinez* issue the kind of guidance expected by the petitioner. The Supreme Court appears, rather, to be more concerned with whether the Fifth Circuit erred by not staying the case while the High Court considered, and then decided, *Martinez.* In part, the question presented to the Court in *Trevino* reads:

7

> Whether the Court should grant certiorari, vacate the Court of Appeals opinion, and remand to the Court of Appeals for consideration of Mr. Trevino's argument under *Martinez v. Ryan*?

http://www.supremecourt.gov/qp/11-10189qp.pdf

The Fifth Circuit never heard or ruled on any argument Trevino may have made concerning *Martinez*—including whether it should apply in Texas. Hence, the Supreme Court was unlikely to have granted certiorari to decide that issue. Rather, the Supreme Court more likely is concerned that the Fifth Circuit has yet to rule on that issue itself in Trevino's case. As a result, a delay in these proceedings to allow the Supreme Court time to rule in *Trevino* is unwarranted.

## III. Assuming the Supreme Court Does Rule That *Martinez* Applies to Texas, Reynoso Does Not Show it Offers Him Relief.

### A. Reynoso's own waffling in state habeas proceedings deprived him of an opportunity to seek postconviction relief.

In *Martinez*, the Supreme Court created an exception to the general rule that an error by an attorney in a postconviction proceeding does not qualify as cause to excuse a procedural default. 132 S. Ct. at 1315. But the Court also stated that its holding was limited and that it was recognizing only a narrow exception to the rule barring attorney negligence as "cause." *Id.* at 1320–21. Specifically, the Court held that when a State requires a petitioner to raise an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding, the petitioner may establish cause to excuse a default of that claim

8

if either (1) no counsel was appointed; or (2) counsel in that proceeding was ineffective under the standards of *Strickland,* 466 U.S. 668. *Martinez*, 132 S. Ct. at 1320. Because *Martinez* was limited to these circumstances, it does not extend to the claim raised in Reynoso's federal habeas petition.

In his subsequent federal habeas petition Reynoso alleged that he received ineffective assistance when counsel at punishment failed to investigate and present certain mitigating evidence at the punishment phase of trial. (ECF No. 20 at 18–59.) Here the responsibility for Reynoso's failure to pursue an ineffective-assistance in his initial state habeas application lies not with state habeas counsel but with Reynoso. As noted in the Director's motion for summary judgment (ECF No. 25 at 19–23), in state habeas proceedings, Reynoso proved mercurial. At times he told the state court he wished to forgo state habeas proceedings and at others he told the court he wished to pursue his remedies. *See Ex parte Reynoso*, 257 S.W.3d 715, 717–18 (2008); *Ex parte Reynoso*, 228 S.W.3d 163, 164 (Tex. Crim. App. 2007). And while in the end, the Court of Criminal Appeals did review Reynoso's initial habeas application on the merits, *Ex parte Reynoso*, 257 S.W.3d at 723, Reynoso's waffling deprived him of a coherent postconviction pleading strategy. The responsibility for the lack of a sound strategy lay not with counsel but with Reynoso himself.

### B.   Reynoso's ineffective-assistance claim is not substantial.

#### 1.   Reynoso offers no evidence to rebut the presumption of sound trial strategy.

Even if *Martinez* did apply to Texas law, to overcome the default a prisoner must also show that the underlying ineffective-assistance claim is substantial; that is, the prisoner must show that the claim has some merit. 132 S. Ct. at 1318.

Before this Court, Reynoso alleges that he received ineffective assistance when trial counsel failed to investigate and present certain mitigating evidence at punishment. (ECF No. 20 at 18–59.) A petitioner who wishes to demonstrate ineffective assistance of counsel must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 690. The petitioner must overcome the presumption that under the circumstances the challenged action might be considered sound trial strategy. *See id.*

In neither his second state habeas application nor his federal petition does Reynoso offer evidence to rebut the presumption that trial counsel's actions were the result of sound strategy. Because Reynoso does not rebut that presumption, he does not show that his ineffective-assistance claim is substantial or has merit.

10

*Martinez*, 132 S. Ct. at 1319. Hence, were Martinez to apply to Texas law, Reynoso nonetheless would not show cause sufficient to excuse default.

### 2. Evidence offered does not show either trial counsel's deficient performance or resulting prejudice.

And were it determined that this Court could review Reynoso's claim on the merits, Reynoso has placed before the Court that evidence with which he would support his claim. And the Director in his summary judgment motion has already discussed, in the alternative, the merits of Reynoso's claim. (ECF No. 25 at 40–46.) Defense counsel offered sentencing evidence of good behavior and character, childhood hardship, mental impairment, and drug use. (ECF No. 25 at 39.) The additional evidence he offered to the state habeas court (02 SHCR[4] 90–92 (affidavit of Gina Vitale), 95–100 (affidavit of Roxanne Aguirre), 103–09 (affidavit of Velma Vella), 112–16 (affidavit of Juan Reynoso, Sr.), 133–40 (affidavit of Greg Bean), 143–46 (Floyd Jennings, Ph.D., report), 149–54 (affidavit of Richard Dudley, Jr., M.D.)), and to this Court (ECF Nos. 20-1 (affidavit of Gina Vitale), 20-2 (affidavit of Roxanne Aguirre), 20-4 (jail visitation records), 20-5 (affidavit of Velma Vella), 20-7 (Floyd Jennings, Ph.D., report), 20-10 & 20-11 (excerpts from DePelchin records), 20-12 (affidavit of Greg Bean), 20-

---

[4] "02 SHCR" refers to the Clerk's Record of pleadings and documents filed with the state habeas court in connection with Reynoso's second state habeas application, No. WR-66,260-02, followed by the page number.

13 (mental health-mental retardation screening, 1996), 20-14 (Harris County probation record excerpt), 20-15 (Texas Youth Commission records, excerpts), 20-16 (Reynoso's letters from TYC), 20-17 (affidavit of Juan Reynoso, Sr.)) and 20-18 (affidavit of Richard Dudley, M.D.)), duplicates that evidence given at trial. (ECF No. 25 at 40–43.) And Reynoso's mental health evidence (02 SHCR 1443–46, 149–54; ECF No. 20-7, 20-18) is two-edged; that is, it may be not only mitigate but may aggravate. *See Hopkins v. Cockrell*, 325 F.3d 579, 586 (5th Cir. 2003) (stating that tactical decision not to pursue and present double-edged evidence objectively reasonable). A reviewing court cannot determine whether reasonable counsel would have been required to use such evidence or whether the evidence would have tipped the balance in Reynoso's favor. *See Strickland*, 466 U.S. at 687.

## CONCLUSION

For the foregoing reasons, this Court should not delay litigation in this case any further, and issue a final ruling denying federal habeas corpus relief and denying a certificate of appealability on all issues.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division


 s/ Thomas M. Jones             

*Attorney-In-Charge         THOMAS M. JONES*
Assistant Attorney General
Postconviction Litigation Division

State Bar No. 00784357
Southern District Bar No. 29084

P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Ph.: (512) 936-1400
Fax No.: (512) 936-1280
E-mail:
Thomas.Jones@texasattorneygeneral.gov

ATTORNEYS FOR RESPONDENT

13

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2012, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern of Texas, using the electronic filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Edward A. Mallett
JPMorgan Chase Tower
600 Travis St., Suite 1900
Houston TX 77002
email: edward@mgscounsel.com


                                        s/ Thomas M. Jones
                                       THOMAS M. JONES
                                       Postconviction Litigation Division